UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

AMBER LANCASTER *et al.*,
    *Plaintiffs*,

v.

ECUADORIAN INVESTMENT CORP. *et al.*,
    *Defendants*.

No. 3:19-cv-01581 (JAM)

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**

Plaintiffs are professional models who allege that defendants have misappropriated their images for commercial advertising purposes. Defendants move to dismiss three of the claims against them. I will grant the motion as to plaintiffs' claims for conversion and quantum meruit but deny it as to plaintiffs' claim for false light invasion of privacy.

### BACKGROUND

The following facts as alleged in the complaint are accepted as true only for purposes of this ruling. Doc. #1. Plaintiffs are twenty-three well-known professional models, actresses, and social media influencers. They earn income from image-use licenses, which are negotiated by their agencies. Because their industry places a premium on good will and reputation, they must be selective when choosing which companies and brands they license to use their images.

The defendants own and operate the Rumba Café Bar and Lounge, a restaurant and night club in East Haven, Connecticut. Rumba uses social media accounts—including Facebook, Twitter, and Instagram—to advertise for patrons, and it has advertised on these platforms using plaintiffs' images without plaintiffs' knowledge or consent. The advertisements have created a false impression that plaintiffs worked for, endorsed, or were otherwise affiliated with Rumba.

The complaint alleges nine claims: (1) false advertising under the Lanham Act, 15 U.S.C. § 1125(a)(1)(B); (2) false association under the Lanham Act, 15 U.S.C. § 1125(a)(1)(A); (3) violation of the Connecticut common law right of privacy by appropriation of likeness; (4) violation of the Connecticut common law right of privacy by portrayal in a false light; (5) violations of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110b; (6) Connecticut common law negligence and *respondeat superior*; (7) Connecticut common law conversion; (8) Connecticut common law unjust enrichment; and (9) Connecticut common law quantum meruit. Plaintiffs seek compensatory and punitive damages, injunctive relief, and related costs.

Defendants now move to dismiss three of the nine claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. They argue that the complaint fails to state a claim with respect to its claims for false light invasion of privacy, conversion, and quantum meruit.

## Discussion

When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all factual matters alleged in a complaint, although a complaint may not survive unless it recites enough non-conclusory facts to state plausible grounds for relief. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hernandez v. United States*, 939 F.3d 191, 198 (2d Cir. 2019). Further, the Court may consider any documents attached as exhibits to, incorporated by reference in, or integral to the complaint. *See Sierra Club v. Con-Strux, LLC*, 911 F.3d 85, 88 (2d Cir. 2018).

### *False light invasion of privacy*

The common law of Connecticut recognizes several types of claims for invasion of privacy, including a claim against a defendant who publicizes information about a plaintiff that unreasonably places the plaintiff in a false light before the public. *See Caro v. Weintraub*, 618

F.3d 94, 100 (2d Cir. 2010) (citing *Goodrich v. Waterbury Republican-Am., Inc.*, 188 Conn. 107, 127-28 (1982)). For a false light privacy claim in Connecticut, a plaintiff must show that the defendant published a matter about the plaintiff that is not merely false but that is highly offensive, *i.e.*, that it constitutes a major misrepresentation of the plaintiff's character, history, activities, or beliefs. *See Goodrich*, 188 Conn. at 131; *Jonap v. Silver*, 1 Conn. App. 550, 557-58 (1984).

Defendants argue that plaintiffs have publicized themselves through their modeling agencies such that they cannot complain about their privacy being invaded and also argue that plaintiffs' depictions in Rumba advertisements are not highly offensive. I do not agree. Based on my review of the images themselves (attached as exhibits to the complaint) as well as the allegations of the complaint, it is plausible to conclude that defendants' use of plaintiffs' images falsely suggest that plaintiffs work for, endorse, or are otherwise associating themselves with Rumba. In light of the complaint's allegations about the importance of good will and reputation in plaintiffs' industry, the complaint plausibly alleges that "[a]ffiliation with a night club could lead to significant potential career and personal damage to a professional model because it could lead other clients to refuse to work with her or drop her as a model." Doc. #1 at 38 (¶ 127). Accordingly, I will deny defendants' motion to dismiss plaintiffs' false light invasion of privacy claim as alleged in Court Four of the complaint.

*Conversion*

Connecticut law recognizes a common law tort claim for conversion if a defendant engages in an unauthorized assumption and exercise of the right of ownership over property that belongs to another and to the exclusion of the owner's rights. *See Malick v. JP Morgan Chase*

*Bank, N.A.*, 797 F. App'x 563, 566 (2d Cir. 2019) (citing *Mystic Color Lab, Inc. v. Auctions Worldwide, LLC*, 284 Conn. 408, 418 (2007)).

Defendants argue in part that the complaint does not plausibly allege a claim for conversion because there are no allegations to suggest that defendants have exercised rights over the images in a manner that excluded plaintiffs' rights as owners. I agree. Notwithstanding defendants' apparent copying of plaintiffs' images, the complaint does not allege any facts to suggest that their copying and use of the images has excluded plaintiffs from continuing to use their images for their own modeling businesses. *See Geiger v. C&G of Groton, Inc.*, 2019 WL 7193612, at *16 (D. Conn. 2019) (dismissing similar conversion claim). Accordingly, I will grant defendants' motion to dismiss plaintiffs' conversion claim as alleged in Count Seven of the complaint.

### *Quantum meruit*

Quantum meruit is an equitable remedy to provide restitution to a plaintiff for the reasonable value of services provided to a defendant despite an unenforceable contract. *See Walpole Woodworkers, Inc. v. Manning*, 307 Conn. 582, 587 n.9 (2012). A claim for quantum meruit may proceed only if the defendant accepts plaintiff's services subject to an implied promise or contract to pay for them. *See Coppola Const. Co. v. Hoffman Enterprises Ltd. P'ship*, 157 Conn. App. 139, 160 n.14 (2015); *Total Aircraft, LLC v. Nascimento*, 93 Conn. App. 576, 582 n.5 (2006).

Defendants argue that plaintiffs' quantum meruit claim should be dismissed because there was no implied contract or understanding in connection with defendants' use of plaintiffs' images. I agree. The complaint alleges that defendants simply misappropriated plaintiffs' images without their knowledge or consent. If so, these allegations negate any conclusion that there was

any contract or even quasi-contractual understanding between defendants and plaintiffs concerning the use of their images. *See Geiger*, 2019 WL 7193612, at *17 (dismissing quantum meruit claim under similar facts because "there is no basis for contending that Plaintiffs and Defendants entered into an implied agreement which would now require Defendants to compensate Plaintiffs for their services"); *Grici v. Mance*, 2019 WL 3893027, at *7 (Conn. Super. Ct. 2019) (no quantum meruit remedy where "[t]he plaintiff never expected to receive compensation for her services, and the defendant never gave the plaintiff any reason to believe that she would be compensated"). Accordingly, I will grant defendants' motion to dismiss plaintiffs' quantum meruit claim as alleged in Count Nine of the complaint.

## CONCLUSION

For the foregoing reasons, the motion to dismiss (Doc. #19) is GRANTED IN PART as to the conversion claim (Count Seven) and the quantum meruit claim (Count Nine), and DENIED IN PART as to the false light invasion of privacy claim (Count Four).

It is so ordered.

Dated at New Haven this 14th day of April 2020.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge

5