UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| AMBER LANCASTER, ANDRA CHERI MORELAND, BRENDA LYNN GEIGER, JESSICA BURCIAGA, CARISSA ROSARIO, CIELO JEAN GIBSON, CLAUDIA SAMPEDRO, DESSIE MITCHESON, SARA UNDERWOOD, LUCY PINDER, MARIANA DAVALOS, EVA PEPAJ, IESHA MARIE CRESPO, IRINA VORONINA, JENNIFER ZHARINOVA, JESSICA HINTON, LINA POSADA, VIDA GUERRA, TIFFANY TOTH GRAY, PAOLA CANAS, ROSIE JONES, SANDRA VALENCIA AND URSALA MAYES,<br><br>Plaintiff,<br><br>v.<br><br>ECUADORIAN INVESTMENT CORP. D/B/A RUMBA CAFE BAR & LOUNGE, PAUL R. MATUTE AND WILFREDO MATUTE<br><br>Defendants. | CIV ACTION NO.: 3:19-CV-01581 JAM<br><br>May 8, 2020 |

DEFENDANTS' AMENDED ANSWER

The defendants, Wilfredo Matute, Paul R. Matute, and Ecuadorian Investment Corp. d/b/a Rumba Café Bar & Lounge, respectfully submit this amended answer to the complaint of the plaintiffs dated October 8, 2019.

BACKGROUND

1. As the defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1, the defendants leave the plaintiffs to their proof.

2-3. The defendants deny the allegations of paragraphs 2-3.

JURISDICTION & VENUE

1

4.	The Defendants admit that the plaintiffs have referred herein to 15 U.S.C. § 1125 and state law. As the defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of paragraph 4, the defendants leave the plaintiffs to their proof.

5.	As the defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5, the defendants leave the plaintiffs to their proof.

6.	The defendants admit the following: The defendant, Ecuadorian Investment Corp, is a corporation formed under the laws of the state of Connecticut with its principal place of business located at 679 Main Street, East Haven, Connecticut 06512. As the defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of paragraph 6, the defendants leave the plaintiffs to their proof.

7.	The defendants admit the following: The defendant, Paul Matute, and the defendant, Wilfredo Matute are residents of the state of Connecticut. The defendant, Paul Matute, is the owner and president of Ecuadorian Investment Corp. The defendants deny the remainder of the allegations of paragraph 7.

8-9.	As the defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 8-9, the defendants leave the plaintiffs to their proof.

PARTIES

10-32.	As the defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 10-32, the defendants leave the plaintiffs to their proof.

33.	The defendants admit the following: The defendant, Ecuadorian Investment Corp, is formed under the laws of the state of Connecticut and operates a restaurant and nightclub located at 679 Main Street, East Haven, Connecticut 06512. As the defendants lack

knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 25, the defendants leave the plaintiffs to their proof.

34-35.  The defendants deny the allegations of paragraphs 34-35.

## FACTUAL ALLEGATIONS

36-37.  As the defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 36-37, the defendants leave the plaintiffs to their proof.

38-41.  The defendants deny the allegations of paragraph 38-41.

<u>Plaintiffs' Backgrounds and Careers</u>

42.  As the defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42, the defendants leave the plaintiffs to their proof.

43.  The defendants deny the following: the Image in Exhibit A was intentionally altered to make it appear that Lancaster either worked at Rumba Café Bar and Lounge, that she endorsed the business, or that she was otherwise associated or affiliated with the business. As the defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 43, the defendants leave the plaintiffs to their proof.

44-45.  As the defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 44-45, the defendants leave the plaintiffs to their proof.

46.  The defendants deny the following: the Image in Exhibit B was intentionally altered to make it appear that Moreland either worked at Rumba Café Bar and Lounge, that she endorsed the business, or that she was otherwise associated or affiliated with the business. As the defendants lack knowledge or information sufficient to form a belief as to the truth

of the remainder of the allegations in paragraph 46, the defendants leave the plaintiffs to their proof.

47-48. As the defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 47-48, the defendants leave the plaintiffs to their proof.

49. The defendants deny the following: the Image in Exhibit C was intentionally altered to make it appear that Geiger either worked at Rumba Café Bar and Lounge, that she endorsed the business, or that she was otherwise associated or affiliated with the business. As the defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 49, the defendants leave the plaintiffs to their proof.

50-51. As the defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 50-51, the defendants leave the plaintiffs to their proof.

52. The defendants deny the following: the Image in Exhibit D was intentionally altered to make it appear that Burciaga either worked at Rumba Café Bar and Lounge, that she endorsed the business, or that she was otherwise associated or affiliated with the business. As the defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 52, the defendants leave the plaintiffs to their proof.

53-54. As the defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 53-54, the defendants leave the plaintiffs to their proof.

55. The defendants deny the following: the Image in Exhibit E was intentionally altered to make it appear that Rosario either worked at Rumba Café Bar and Lounge, that she endorsed the restaurant, or that she was otherwise associated or affiliated with the

restaurant. As the defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 55, the defendants leave the plaintiffs to their proof.

56-57. As the defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 56-57, the defendants leave the plaintiffs to their proof.

58. The defendants deny the following: the Image in Exhibit F was intentionally altered to make it appear that Gibson either worked at Rumba Café Bar and Lounge, that she endorsed the business, or that she was otherwise associated or affiliated with the business. As the defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 58, the defendants leave the plaintiffs to their proof.

59-60. As the defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 59-60, the defendants leave the plaintiffs to their proof.

61. The defendants deny the following: the Image in Exhibit G was intentionally altered to make it appear that Sampedro either worked at Rumba Café Bar and Lounge, that she endorsed the restaurant, or that she was otherwise associated or affiliated with the restaurant. As the defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 61, the defendants leave the plaintiffs to their proof.

62-63. As the defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 62-63, the defendants leave the plaintiffs to their proof.

64. The defendants deny the following: the Image in Exhibit H was intentionally altered to make it appear that Mitcheson either worked at Rumba Café Bar and Lounge, that she

endorsed the club, or that she was otherwise associated or affiliated with the club. As the defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 64, the defendants leave the plaintiffs to their proof.

65-66. As the defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 65-66, the defendants leave the plaintiffs to their proof.

67. The defendants deny the following: the Image in Exhibit I was intentionally altered to make it appear that Underwood either worked at Rumba Café Bar and Lounge, that she endorsed the club, or that she was otherwise associated or affiliated with the club. As the defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 67, the defendants leave the plaintiffs to their proof.

68-69. As the defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 68-69, the defendants leave the plaintiffs to their proof.

70. The defendants deny the following: the Image in Exhibit J was intentionally altered to make it appear that Pinder either worked at Rumba Café Bar and Lounge, that she endorsed the club, or that she was otherwise associated or affiliated with the club. As the defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 70, the defendants leave the plaintiffs to their proof.

71-72. As the defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 71-72, the defendants leave the plaintiffs to their proof.

73. The defendants deny the following: the Image in Exhibit K was intentionally altered to make it appear that Davalos either worked at Rumba Café Bar and Lounge, that she endorsed the club, or that she was otherwise associated or affiliated with the club. As the

        defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 73, the defendants leave the plaintiffs to their proof.

74-75. As the defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 74-75, the defendants leave the plaintiffs to their proof.

76. The defendants deny the following: the Image in Exhibit L was intentionally altered to make it appear that Pepaj either worked at Rumba Café Bar and Lounge, that she endorsed the club, or that she was otherwise associated or affiliated with the club. As the defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 76, the defendants leave the plaintiffs to their proof.

77-78. As the defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 77-78, the defendants leave the plaintiffs to their proof.

79. The defendants deny the following: the Image in Exhibit M was intentionally altered to make it appear that Crespo either worked at Rumba Café Bar and Lounge, that she endorsed the club, or that she was otherwise associated or affiliated with the club. As the defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 79, the defendants leave the plaintiffs to their proof.

80-81. As the defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 80-81, the defendants leave the plaintiffs to their proof.

82. The defendants deny the following: the Image in Exhibit N was intentionally altered to make it appear that Voronina either worked at Rumba Café Bar and Lounge, that she endorsed the club, or that she was otherwise associated or affiliated with the club. As the defendants lack knowledge or information sufficient to form a belief as to the truth of the

remainder of the allegations in paragraph 82, the defendants leave the plaintiffs to their proof.

83-84. As the defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 83-84, the defendants leave the plaintiffs to their proof.

85. The defendants deny the following: the Image in Exhibit O was intentionally altered to make it appear that Zharinova either worked at Rumba Café Bar and Lounge, that she endorsed the club, or that she was otherwise associated or affiliated with the club. As the defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 85, the defendants leave the plaintiffs to their proof.

86-87. As the defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 86-87, the defendants leave the plaintiffs to their proof.

88. The defendants deny the following: the Image in Exhibit P was intentionally altered to make it appear that Hinton either worked at Rumba Café Bar and Lounge, that she endorsed the club, or that she was otherwise associated or affiliated with the club. As the defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 76, the defendants leave the plaintiffs to their proof.

89-90. As the defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 89-90, the defendants leave the plaintiffs to their proof.

91. The defendants deny the following: the Image in Exhibit Q was intentionally altered to make it appear that Posada either worked at Rumba Café Bar and Lounge, that she endorsed the club, or that she was otherwise associated or affiliated with the club. As the defendants

lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 91, the defendants leave the plaintiffs to their proof.

92-93. As the defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 92-93, the defendants leave the plaintiffs to their proof.

94. The defendants deny the following: the Image in Exhibit R was intentionally altered to make it appear that Guerra either worked at Rumba Café Bar and Lounge, that she endorsed the club, or that she was otherwise associated or affiliated with club. As the defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 94, the defendants leave the plaintiffs to their proof.

95-96. As the defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 95-96, the defendants leave the plaintiffs to their proof.

97. The defendants deny the following: the Image in Exhibit S was intentionally altered to make it appear that Gray either worked at Rumba Café Bar and Lounge, that she endorsed the club, or that she was otherwise associated or affiliated with the club. As the defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 91, the defendants leave the plaintiffs to their proof.

98-99. As the defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 98-99, the defendants leave the plaintiffs to their proof.

100. The defendants deny the following: the Image in Exhibit T was intentionally altered to make it appear that Canas either worked at Rumba Café Bar and Lounge, that she endorsed the club, or that she was otherwise associated or affiliated with the club. As the defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 94, the defendants leave the plaintiffs to their proof.

101-102. As the defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 101-102, the defendants leave the plaintiffs to their proof.

103. The defendants deny the following: the Image in Exhibit U was intentionally altered to make it appear that Jones either worked at Rumba Café Bar and Lounge, that she endorsed the club, or that she was otherwise associated or affiliated with the club. As the defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 94, the defendants leave the plaintiffs to their proof.

104-105. As the defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 104-105, the defendants leave the plaintiffs to their proof.

106. The defendants deny the following: the Image in Exhibit V was intentionally altered to make it appear that Valencia either worked at Rumba Café Bar and Lounge, that she endorsed the club, or that she was otherwise associated or affiliated with the club. As the defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 94, the defendants leave the plaintiffs to their proof.

107-108. As the defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 107-108, the defendants leave the plaintiffs to their proof.

109. The defendants deny the following: the Image in Exhibit W was intentionally altered to make it appear that Mayes either worked at Rumba Café Bar and Lounge, that she endorsed the club, or that she was otherwise associated or affiliated with the club. As the defendants

lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 94, the defendants leave the plaintiffs to their proof.

110. As the defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110, the defendants leave the plaintiffs to their proof.

111. The defendants admit the allegations of paragraph 111.

112. The defendants admit the following allegations of paragraph 112: In furtherance of their promotions of Rumba Café Bar and Lounge, the defendants operate and control Rumba Café Bar and Lounge social medical accounts, including its Facebook and Instagram accounts. As the defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 112, the defendants leave the plaintiffs to their proof.

113. The defendants admit the following: The defendants used Rumba Café Bar and Lounge's Facebook and Instagram accounts to promote Rumba Café Bar and Lounge and to attract patrons thereto. The defendants deny the remainder of allegations of paragraph 113.

114. The defendants admit the allegations of paragraph 114.

115-116. The defendants deny the allegations of paragraphs 115-116.

117-119. As the defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 117-119, the defendants leave the plaintiffs to their proof.

Standard Business Practices in the Modeling Industry

120-121. As the defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 120-121, the defendants leave the plaintiffs to their proof.

122-125. The defendants deny the allegations of paragraphs 122-125.

126-130. As the defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 126-130, the defendants leave the plaintiffs to their proof.

131.   The defendants admit the allegations of paragraph 131.

132-133. As the defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 132-133, the defendants leave the plaintiffs to their proof.

134-135. The defendants deny the allegations of paragraphs 134-135.

## FIRST CAUSE OF ACTION

87.[1]   The defendants hereby incorporate and reallege all answers to the preceding paragraphs, as set forth above.

88-91.  The defendants deny the allegations of paragraphs 88-91.

92. As the defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92, the defendants leave the plaintiffs to their proof.

93-96.  The defendants deny the allegations of paragraphs 93-96.

## SECOND CAUSE OF ACTION

97.   The defendants hereby incorporate and reallege all answers to the preceding paragraphs, as set forth above.

98-105. The defendants deny the allegations of paragraphs 98-105.

## THIRD CAUSE OF ACTION

---

[1] All numbering in this answer is as set forth in the plaintiffs' Complaint.

106. The defendants hereby incorporate and reallege all answers to the preceding paragraphs, as set forth above.

107-109. The defendants deny the allegations of paragraphs 107-109.

110-111. The defendants admit the allegations of paragraph 110-111.

112-115. The defendants deny the allegations of paragraphs 112-115.

116. As the defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 116, the defendants leave the plaintiffs to their proof.

117. The defendants deny the allegations of paragraph 117.

118-119. As the defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 118-119, the defendants leave the plaintiffs to their proof.

## FOURTH CAUSE OF ACTION

120. The defendants hereby incorporate and reallege all answers to the preceding paragraphs, as set forth above.

121-126. The defendants deny the allegations of paragraphs 121-126.

127. As the defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 127, the defendants leave the plaintiffs to their proof.

128-129. The defendants admit the allegations of paragraph 128-129.

130-131. As the defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 130-131, the defendants leave the plaintiffs to their proof.

132. The defendants deny the allegations of paragraph 132.

133-134. As the defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 133-134, the defendants leave the plaintiffs to their proof.

## FIFTH CAUSE OF ACTION

135. The defendants hereby incorporate and reallege all answers to the preceding paragraphs, as set forth above.

136. The defendants admit the allegations of paragraph 136.

137. As the defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 137, the defendants leave the plaintiffs to their proof.

138-143. The defendants deny the allegations of paragraphs 138-143.

144. As the defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 144, the defendants leave the plaintiffs to their proof.

145-146. The defendants deny the allegations of paragraphs 145-146.

147. As the defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 147, the defendants leave the plaintiffs to their proof.

## SIXTH CAUSE OF ACTION

154. The defendants hereby incorporate and reallege all answers to the preceding paragraphs, as set forth above.

155-162. The defendants deny the allegations of paragraphs 155-162.

## SEVENTH CAUSE OF ACTION

These defendants make no answer to the seventh cause of action as the Court struck this count on April 14, 2020.

## EIGHTH CAUSE OF ACTION

167.  The defendants hereby incorporate and reallege all answers to the preceding paragraphs, as set forth above.

168.  As the defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 168, the defendants leave the plaintiffs to their proof.

169-174.  The defendants deny the allegations of paragraphs 169-174.

NINTH CAUSE OF ACTION

These defendants make no answer to the ninth cause of action as the Court struck this count on April 14, 2020.

SPECIAL DEFENSES

FIRST SPECIAL DEFENSE TO ALL CAUSES OF ACTIONS

The defendants were not in possession and/or control of the entity operating under the name Rumba Café Bar & Lounge, at the time of some or all of the alleged acts and omissions set forth in the complaint. Thus, they are not liable to the plaintiffs for any alleged harm purportedly resulting from such alleged acts and/or omissions.

SECOND SPECIAL DEFENSE TO ALL CAUSES OF ACTIONS

The plaintiffs lack standing to bring this cause of action, because they have sold all intellectual property rights to the images attached to the complaint.

THIRD SPECIAL DEFENSE TO ALL CAUSES OF ACTIONS

The plaintiffs' claims are barred by waiver, because the plaintiffs executed releases for the Images attached to the Complaint wherein the plaintiffs relinquished the plaintiffs' rights to their likeness that resulted in a waiver of all future claims.

FOURTH SPECIAL DEFENSE TO ALL CAUSES OF ACTIONS

The plaintiffs' claims are barred by release, because the plaintiffs executed releases for the Images attached to the Complaint wherein the plaintiffs relinquished the plaintiffs' rights to their likeness that resulted in a release of all future claims.

## FIFTH SPECIAL DEFENSE TO ALL CAUSES OF ACTIONS

If the plaintiffs suffered damages and/or injuries in the manner and to the extent as alleged in the Complaint, which is hereby expressly denied, the plaintiffs failed to mitigate their alleged damages or take reasonable steps to avoid or reduce the alleged damages.

## SIXTH SPECIAL DEFENSES AS TO THE FIRST CAUSE OF ACTION

Some or all of the plaintiffs' claims are barred by the analogous statute of limitations and/or the doctrine of laches.

## SEVENTH SPECIAL DEFENSES AS TO THE SECOND CAUSE OF ACTION

Some or all of the plaintiffs' claims are barred by the analogous statute of limitations and/or the doctrine of laches.

## EIGHTH SPECIAL DEFENSES AS TO THE THIRD CAUSE OF ACTION

Some or all of the plaintiffs' claims are barred by Conn. Gen. Stat. § 52-577.

## NINTH SPECIAL DEFENSES AS TO THE FOURTH CAUSE OF ACTION

Some or all of the plaintiffs' claims are barred by Conn. Gen. Stat. § 52-577.

## TENTH SPECIAL DEFENSES AS TO THE FIFTH CAUSE OF ACTION

Some or all of the plaintiffs' claims are barred by Conn. Gen. Stat. § 42-110g (f).

## ELEVENTH SPECIAL DEFENSES AS TO THE SIXTH CAUSE OF ACTION

Some or all of the plaintiffs' claims are barred by Conn. Gen. Stat. §§ 52-584 and 52-577.

## TWELFTH SPECIAL DEFENSES AS TO THE SIXTH CAUSE OF ACTION

If the plaintiffs suffered damages and/or injuries in the manner and to the extent as alleged

in the Complaint, which is hereby expressly denied, then the same were due to plaintiffs' own negligence in that:

a. they allowed their Images to be readily available on the internet for sale and for free for third party promoters to use for promotional materials; and

b. they failed to take the necessary and proper precautions to prevent their Images to be readily available on the internet for sale and for free for third party promoters to use for promotional materials.

THIRTEENTH SPECIAL DEFENSES AS TO THE EIGHTH CAUSE OF ACTION

Some or all of the plaintiffs' claims are barred by the doctrine of laches.

## JURY DEMAND

The defendants respectfully demands trial by jury on all issues so triable.

> DEFENDANTS,
> WILFREDO MATUTE, PAUL R. MATUTE, ECUADORIAN INVESTMENT CORP. D/B/A RUMBA CAFE BAR AND LOUNGE
>
> By: _____/s/_____
> Raymond J. Carta, Esq. (ct30088)
> Charles A. Deluca, Esq.(ct05255)
> Ryan Ryan Deluca LLP
> 707 Summer Street
> Stamford, CT 06901
> Phone:  203-357-9200

## CERTIFICATION

I hereby certify that on May 8, 2020, a copy of the foregoing, with all attachments, was filed electronically and served by mail to any party unable to accept electronic filing. Notice of this filing will be sent by electronic mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

BY:   ___/s/_____
Raymond J. Carta, Esq. (ct30088)
Charles A. Deluca, Esq.(ct05255)
Ryan Ryan Deluca LLP
707 Summer Street
Stamford, CT 06901
Phone:  203-357-9200